**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RICCO DAVIS,               ) | |
|          ) | |
|     Plaintiff,      ) | Civil Action No. 25-cv-01643-LKG |
|          ) | |
|      v.         ) | March 13, 2026 |
|          ) | |
| FEDERAL HOME LOAN MORTGAGE   ) | |
| CORPORATION,       ) | |
|          ) | |
|     Defendant.     ) | |
|          ) | |

**<u>MEMORANDUM OPINION</u>**

**I.      INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Ricco Davis alleges that he submitted a lawful tender of payment to the Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") which satisfies his current mortgage obligation.  ECF No. 3 at ¶¶ 5-12.  And so, the Plaintiff seeks a declaratory judgment that his "tender of payment fully satisfies the mortgage obligation" and an order compelling the Freddie Mac to "accept the payment and mark the account paid in full."  *Id.* at 3.  Freddie Mac has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 14.  The Plaintiff has also filed a motion for declaratory judgment (ECF No. 4), and a motion for clerk's entry of default (ECF No. 8).  The motion is fully briefed.  *See* ECF Nos. 14, 16 and 17.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 14); (2) **DENIES-as-MOOT** the Plaintiff's motion for declaratory judgment (ECF No.4); **DENIES-as-MOOT** the Plaintiff's motion for clerk's entry of default (ECF No. 8); and **DISMISSES** the complaint (ECF No. 3).

II.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

    **A.  Factual Background**

As background, the Plaintiff, Ricco Davis, is an individual residing in Silver Spring, Maryland.  ECF No. 3 at ¶ 1.

The Defendant, Federal Home Loan Mortgage Corporation, is a government-sponsored enterprise, with its principal office located in McLean, Virginia.  *Id.* at ¶ 2.

On January 21, 2025, the Plaintiff mailed what he describes as an "administrative notice titled 'Notice of Claim to Interest – 1st Attempt,' along with a lawful Tender of Payment" to Freddie Mac's headquarters.  ECF No. 3 at ¶ 6.  On January 28, 2025, and February 4, 2025, the Plaintiff sent two additional notices to Freddie Mac's headquarters containing the "Tender of Payment."  *Id.* at ¶¶ 7-8.

The Plaintiff alleges that his "Tender of Payment constitutes full satisfaction of the debt" under "UCC § 3-603 and applicable Maryland law."  *Id.* at ¶ 12.  The Plaintiff also contends that Freddie Mac "failed to accept payment or perform obligations under the contract" by not accepting the purported "lawful Tender of Payment" attached to each of these notices.  *Id.* at ¶¶ 10 and 12.  And so, the Plaintiff seeks: (1) "a declaration that his lawful Tender of Payment fully satisfies the mortgage loan" and (2) "an order compelling [Freddie Mac] to accept the Tender of Payment, cease all collection and enforcement activities, and update all records to reflect the loan as paid in full."  ECF No. 3 at 3.

    **B.  Procedural Background**

On April 4, 2025, the Plaintiff commenced this civil action in the Circuit Court for Montgomery County, Maryland.  ECF No. 1.  On May 22, 2025, the case was removed to this Court, pursuant to 28 U.S.C. §§ 1331 and 1442, and 12 U.S.C. § 1452(f).  *Id.* at 1.

On July 24, 2025, the Defendant filed a motion to dismiss the case as frivolous, or in the alternative, for failure to state a claim pursuant, to Fed. R. Civ. P. 12(b)(6).  ECF No. 14.  On August 21, 2025, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss.  ECF No. 16.  On September 9, 2025, the Defendant filed a reply to the Plaintiff's response.  ECF No. 17.

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's motion to dismiss, and the memorandum in support thereof, the Plaintiff's response in opposition thereto, and the Defendant's reply brief.  ECF Nos. 3, 14, 16 and 17.

Freddie Mac's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.    LEGAL STANDARDS

#### A.  Fed. R. Civ. P.  8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

#### B.  *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true

3

substance, if any, is well disguised.") (quotations and citations omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

## IV.    ANALYSIS

Freddie Mac has moved to dismiss the complaint as frivolous, or for failure to state a claim, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), upon the following grounds: (1) the complaint "invokes frivolous sovereign citizen theories;" (2) the complaint fails to satisfy the mandatory pleading requirements under Fed. R. Civ. P. 8(a); and (3) the complaint fails to state a claim upon which relief can be granted.  ECF No. 14-1 at 3.  And so, Freddie Mac requests that the Court dismiss this matter.  *Id.* at 8.

The Plaintiff counters that the Court should not dismiss the complaint, because: (1) he submitted a valid tender of payment under UCC Article 3; (2) Freddie Mac "has legal authority to convert the tendered Bill of Exchange into lawful money or credit" under the Federal Reserve Act; and (3) Maryland contract law provides specific performance as a remedy because the Defendant failed "to either accept or reflect the offer in lawful form" constituting a breach of contract.  ECF No. 16 at 1-2.  And so, the Plaintiff requests that the Court deny Freddie Mac's motion.  *Id.*

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff does not allege plausible claims for relief.  And so, the Court: (1) GRANTS the Defendant's motion to dismiss (ECF No. 14); (2) DENIES-as-MOOT the Plaintiff's motion for declaratory judgment (ECF No.4); DENIES-as-MOOT the Plaintiff's motion for clerk's entry of default (ECF No. 8); and DISMISSES the complaint (ECF No. 3).

### A.  The Plaintiff Fails To State A Plausible Claim For Relief

As an initial matter, Freddie Mac persuasively argues that the complaint fails to state a plausible claim for relief for several reasons.  First, a careful reading of the complaint makes clear that the Plaintiff fails to state a claim for declaratory judgment.  A court may exercise jurisdiction in a declaratory judgment action if, among other things, the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment."  *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F. 3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201).

In this case, the Plaintiff appears to seek declaratory judgment regarding his "lawful

4

Tender of Payment" providing full satisfaction of his current mortgage obligation.  ECF No. 3 at ¶¶ 7-12.  But, when read in the light most favorable to the Plaintiff, the complaint is devoid of any factual allegations to show how the Plaintiff's notices to Freddie Mac would have satisfied his mortgage debt.

Second, the Plaintiff's claim for specific performance has similar deficiencies, because to state a claim for specific performance, the Plaintiff must allege facts to show, among other things, that a valid contract exists.  *Fam. of Care Real Est. Holding Co. v. Chapman Prop., LLC*, 2024 WL 3161540, at *9.  As Freddie Mac correctly observes, the complaint fails to allege facts to show that a contract exists between the Plaintiff and Freddie Mac.  ECF No. 14-1 at 7.  In fact, the Plaintiff generally alleges that he mailed multiple notices to Freddie Mac, but he does not allege facts to show that an actual contract between the parties exists and was breached by Freddie Mac.  ECF No. 3.  And so, the Court must DISMISS the Plaintiff's declaratory judgment and specific performance claims in the complaint.

## V.      CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 14);

(2) **DENIES-as-MOOT** Plaintiff's motion for declaratory judgement (ECF No. 4);

(3) **DENIES-as-MOOT** Plaintiff's motion for clerk's entry of default (ECF No. 8); and

(4) **DISMISSES** the complaint (ECF No. 3).

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge